UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S2-4:21:CR0290-1 JAR |
| | ) | |
| WILLIAM DAHL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said District, and files its sentencing memorandum:

This matter was tried before the Court on May 15, and 16, 2023. On September 5, 2023, the Court found the defendant guilty of all three charges in the indictment: Count One: Production of Child Pornography, Count Two: Receipt of Child Pornography, and Count Three: Receipt of Child Pornography. The parties do not have an agreed upon sentencing recommendation. The government has reviewed the Final Pre-Sentence Report (PSR) and believes it is correct. The PSR calculated the defendant's Total Offense Level at 43,[1] and determined that the guideline sentence was 840 months (70 years) in prison. PSR Doc. #171 at

---

[1] The PSR actually calculated the Total Offense Level as 48, but in those rare cases where the defendant's Total Offense Level is above 43 (the highest number on the chart), it is then treated as level 43.

1

¶48. After weighing the circumstances of this case, the government is requesting that the Court sentence the defendant to 70 years in prison.

   A. <u>**Facts of the Case/ The Nature and Circumstances of the Offense**</u>

   1. <u>**Minor Victim "S" (Count Two:  Receipt of Child Pornography).**</u>

In January of 2021, sixteen-year old minor female, "S," reported to police that she was in a relationship with a thirty-six year old male, William Dahl, the defendant. Dahl lived with his parents in Audrain County, Missouri.  "S" was interviewed at a Child Advocacy Center about the relationship and an investigation into Dahl was opened. As a part of that investigation, state law enforcement executed a search warrant on Dahl's home in February of 2021.  Law enforcement seized 44 pieces of computer equipment belonging to Dahl.

Also, Missouri "STAT" investigator Jeff Glandon executed numerous warrants on different social media accounts belonging to Dahl including a search warrant on Dahl's Facebook account. Within Dahl's Facebook Messenger account was a video he received from "S." In the video, minor child "S" is nude and in a lascivious display of her genitals.  The investigation revealed that this video was also sent to Dahl via the Snapchat social media platform.  (This conduct was charged in Count Two of the Superseding Indictment.)  "S" came to trial and testified she was a minor in the video of child pornography received by Dahl.

As Investigator Glandon continued to review Dahl's Facebook Messenger chats, he located conversations between Dahl and Jennifer Huddleston, the co-defendant.

   2. <u>**Minor Victim "M" (Count Three: Receipt of Child Pornography)**</u>

In February of 2021, thirty-six-year old, Jennifer Huddleston lived in Barnhart, Missouri. Huddleston had a child, "M." "M" was about nine-years old in 2021. At trial, Co-Defendant

Huddleston testified against Dahl. Huddleston and Dahl had an online "relationship" for a couple of years, and as Huddleston testified at trial– they had met in person before. Huddleston and Dahl had very graphic and sexual conversations on Facebook Messenger that sometimes discussed sexually abusing Huddleston's minor daughter. Evidence presented at trial showed that the Facebook messages regarding sexually abusing minor "M" go back to 2018 and span over a year and half. Some excerpts of these conversations follow:

1. November 25, 2018 – Huddleston and Dahl are discussing minor child, "M."
    a. Dahl: "I cant wait for her to turn 18 so I can take her virginity"
    b. Huddleston: "What if shes ready earlier"
    c. Dahl: "Maybe as long as I know I wont get into trouble. . .You gonna watch and video it?"
    d. Moments later Huddleston shares with Dahl an image of "M" in her underwear.
2. January 8, 2019 – Huddleston and Dahl are again discussing "M."
    a. Dahl: "Maybe some day you're off and she doesn't have school but he has to work, if I know well ahead of time, maybe I could take a vacation day to make it happen." . . .
    b. Huddleston: "Im just scared of her saying somethng"
    c. Dahl: "just deny it lol" . . .
    d. Dahl: "Make sure she knows she will be in big trouble if she does"
3. February 25, 2019 – Huddleston says she has pictures of "M" for Dahl.
    a. Huddleston: "Horny and I got some pics of her" . . .
    b. Dahl: "I wanna see"
    c. Dahl: "Did you get those emailed?"
    d. Huddleston: "Yeah"
    e. Dahl: "I didn't get all of them"
    f. Huddleston: "How many did you get"
    g. Dahl: "5"
    h. The two go on to discuss the images sent.
4. March 14, 2019 – Again Dahl and Huddleston discuss pictures of "M".
    a. Dahl: "Did you get more?"
    b. Huddleston: "not yet" . . .
5. April 4, 2019 – Huddleston and Dahl again discuss "M."
    a. Huddleston: "I took some pics of my pussy in her face"
    b. Dahl: "oh yeah"
    c. Dahl asks for them to be emailed.
    d. Dahl: "I only got 1 pic"
    e. Huddleston: "which one? Her facing the cam or towards my pussy?"

3

    f. Dahl: "Towards your pussy."
.

It clear from the messages that Dahl was sexually interested in minor child "M." It is also clear from the evidence presented at trial, and through the testimony of Huddleston, that Dahl had a sexual interest in "M" and actively wanted to receive and did receive child pornographic images of "M."

State investigators arrested Huddleston on March 31, 2020. Post *Miranda*, Huddleston told the police that when Dahl was arrested in February she deleted everything. Huddleston admitted to touching her daughter's vagina while her daughter was sleeping. At trial, Huddleston testified that she photographed these acts on her cell phone and sent them to Dahl through his Hotmail account. Approximately six images of Huddleston touching "M's" exposed genitals while "M" is sleeping were located on Huddleston's cell Samsung cell phone. Law enforcement located images of "M" sent to Dahl through his Hotmail email account. In one particular image, Huddleston is using her fingers to open "M's" exposed vagina. Dahl received that image, and others, through his email account. (This conduct is charged in Count Three of the Superseding Indictment.)

  **3.** **Minor Victim "C" (Count One: Production of Child Pornography).**

Law enforcement also located in Dahl's Facebook account a series of photographs from 2007-2009. These photographs depict victim, "C." "C" is now an adult, but was a minor child, approximately fourteen-years old, when child pornography photographs were taken of her by Dahl. In particular, in October of 2007, Dahl photographed himself having sexual intercourse with "C" when "C" was only fourteen years old and Dahl was an adult. The image charged in Count One of the indictment is emailed to "C" by the defendant on December 22, 2007 and again

4

on January 3, 2008. From that same email account, "wdahl03@hotmail.com," the defendant emails obscene images of his penis to minor victim "C" on December 22, 2007 and February 12, 2008. C testified at trial that she received those images of child pornography of herself from Dahl and Dahl was the person that had produced those images of her.

Notably, Dahl kept the child pornographic images he produced of victim "C" for years and later re-distributed the images over the internet. This became evident to investigators when they located a December 19, 2016, Facebook messenger conversation between Dahl and another Facebook user. In these chats, he wrote in reference to victim "C," "I was banging the trophy girl from the race track when she was 14 lol." . . . "I was 23.". . . "wanna see?" Dahl then posts two child pornography images of "C" to the chat. The first image is the image charged in Count One. The second image is a child pornography image of "C" in the pink bra. Thus, Dahl kept the child pornographic images of "C" and distributed those pornographic images he had produced nine years earlier.

B.      **History and Characteristics of the Defendant**

According to the Pre-Sentence Investigation Report (PSR) the defendant grew up in in the Audrain County Missouri area. He was an only child and grew up with his parents. The defendant has no serious health issues, but did abuse alcohol to help him sleep. The defendant does not have any prior convictions, but he does have pending cases in state court for similar offenses. These pending matters are detailed in the Final PSR at ¶ 54-59, and notably include the following very serious sexual offenses not encompassed in the case at hand:

1. Forcible Sodomy 21AU-CR0988 – Dahl is charged with forcing anal sex on a woman in 2003. Charge is pending in Audrain County, Missouri.

2. Forcible Rape; Attempted Forcible Rape 22AU-CR061 – Dahl is charged with forcing sex upon a minor in 2005. Charge is pending in Audrain County, Missouri.

3. Statutory Rape First Degree; Statutory Sodomy First Degree; Child Molestation Felony 22AU-062– Dahl is charged with having sexual intercourse with a minor less than fourteen years old, and by having that same minor touch his penis in 2007. Charge is pending in Audrain County, Missouri.

While these cases are still pending and not yet convictions, they are relevant to the case at hand. In the case in which Dahl will soon be sentenced, Dahl had three separate female victims. While all females and all minors, the victims were of different ages and were victimized or exploited by him at different times over the course of years. Similarly in the pending state cases, these additional three female victims were of different ages (with the oldest still only 18), and were victimized by Dahl at different times going back years. Thus, there are reports that allege that has Dahl has sexually preyed upon numerous minor females victims going back to at least 2003, and up until his arrest in 2021. Over 18 years of reports of him having illegal sexual contact with numerous young females.

Lastly, as to the characteristics of the defendant, Dahl testified at trial. Dahl's testimony that one of the victim's family members planted the child pornography images of her in his email was absurd and was perjury. It was a stark contrast to the testimony of two of the victims and one of victim's mothers – who testified truthfully at trial, with evidence to support their statements. His inability to take responsibility for his actions has resulted in additional enhancements in the guidelines calculation.

The government believes that a sentence of 70 years in prison adequately reflects the

seriousness of the offense and provides just punishment for the offense. In making a fair recommendation to the Court, the government has considered the defendant's age, his criminal history, the information contained in the PSR, the defenses alleged at trial by the defendant, the young age of the victims, the number of victims, information from the victims, and the evidence in this case.

C.  **Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

Producing images and receiving images of the sexual abuse of multiple young children is a serious offense and the guidelines reflect the seriousness of the crime. In this case, the defendant committed sex acts on a minor and recorded it, and then re-distributed it multiple times at later dates. He also enjoyed receiving images of a young child's genitals and a video of another child he was trying to date. These acts occurred over the course of years and the defendant never changed. He was consistent over the years in continuing to seek out and sexual exploit minor female children.

There was substantial evidence presented at trial of the defendant's guilt. The defendant was shown the evidence against him before trial, but decided to go to trial anyway. And while that is his right, it did cause the victims and their families to have to go through a trial as well.

Victimizing children is one of the worst crimes that a person can commit and that is one reason why the government believes 70 years imprisonment is appropriate in this case. The children of these crimes have to live with and cope with the trauma associated with sexual abuse for the rest of their lives. The trauma of sexual abuse often stays with a person forever, affecting their judgement, behavior, and future relationships.

**D.    To Afford Adequate Deterrence to Criminal Conduct and To Protect the Public from Further Crimes of the Defendant**

Reasonable yet firm sentences are necessary in these cases to protect more children from becoming victims. As this Court is aware, and as is reflected in the number of cases occurring in this District alone, the number of child pornography cases are significant. Firm prison sentences are necessary to deter the production and receipt of child pornography.

A sentence of 70 years imprisonment followed by a term of life on supervised release serves as a just deterrent for criminal conduct for this particular defendant. It also reasonably assures to protect the public from any further crimes. Further, the defendant should be ordered to pay reasonable and adequate, not nominal, amount of restitution to the victims if they request restitution.

**Conclusion**

The Government is requesting that the Court sentence the defendant to 70 years in prison.

Respectfully submitted,

SAYLR FLEMING
United States Attorney

*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63l02
(314) 539-2200

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 29, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by email upon the following:

Eric Selig, Attorney for the Defendant

*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
